# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

HEIDI WHITE,

    Plaintiff,

v.                                                  Civil Action No.: 2:26-cv-00541

NAPLES LAND YACHT
HARBOR, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Heidi White ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendant, Naples Land Yacht Harbor, Inc. ("HOA"), and alleges as follows:

## INTRODUCTION

1. This is an action for violations of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 et seq. ("FHA"), and the Florida Fair Housing Act, Fla. Stat. §§ 760.20 et seq. ("FFHA").

2. Plaintiff is an individual with disabilities who resides in a mobile home community governed by Defendant. Defendant discriminated against Plaintiff on the basis of her disability by, among other things: (a) imposing discriminatory terms, conditions, privileges, or services and facilities; and (b) making discriminatory advertising, statements, and notices.

3. On May 21, 2025, Plaintiff filed a complaint with the Florida Commission on Human Relations ("FCHR") alleging these violations.

4. On October 21, 2025, the FCHR issued a Determination of Cause, finding reasonable cause to believe that Defendant violated the FFHA. Plaintiff now brings this civil action to enforce her rights under federal and state law.

## JURISDICTION, VENUE, AND PARTIES

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a), as this action arises under the FHA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Collier County, Florida, which is within the Middle District of Florida, Fort Myers Division. The subject property is located at 100 Pier H, Naples, Florida 34112.

7. Plaintiff is an individual residing at 1549 Sandpiper Street, Unit 69, Naples, Florida 34112. She has disabilities, including conditions that substantially limit one or more major life activities, and qualifies as a person with a "handicap" under 42 U.S.C. § 3602(h) and a "disability" under § 760.22(7), Fla. Stat.

8. Defendant is a Florida corporation that operates the mobile home community at Naples Land Yacht Harbor ("Community"), located in Naples, Florida. The Community is a "dwelling" within the meaning of 42 U.S.C. § 3602(b) and § 760.22(6), Fla. Stat.

## FACTUAL ALLEGATIONS

9. Plaintiff purchased and began occupying her mobile home in the Community.

10. Plaintiff has disabilities that require the assistance of a service animal(s).

11. Plaintiff contacted the Community requesting a reasonable accommodation to keep her service animal, and provided supporting medical documentation from her physician, Dr. April Brown.

12. Dr. Brown's letter confirmed Plaintiff's disability and the necessity of the service animal.

13. The Community's Assistance Animal Policy required, after approval, DNA samples and at least $5,000 in liability insurance, with non-compliance potentially leading to withdrawal of the accommodation. This policy violated the FHA and FFHA by imposing discriminatory conditions on individuals with disabilities.

14. Plaintiff was harassed for keeping her service animal with her and requesting an accommodation from the Community's "no pet" policy.

15. Plaintiff reported these incidents to Defendant, but Defendant took no steps to address or stop the harassment.

16. Defendant's actions created a hostile environment, interfering with Plaintiff's use and enjoyment of her home, causing emotional distress, health deterioration, and fear.

17. Defendants never approved Plaintiff's accommodation request, despite sufficient documentation.

18. The FCHR's investigation confirmed Plaintiff's disability, the necessity of the accommodation, and Defendants' violations. A copy of the FCHR's Notice of Determination is attached hereto as **Exhibit A**.

19. As a direct result of Defendant's violations of federal and Florida law (as set forth above), Plaintiff suffered damages, including emotional distress, humiliation, health impacts, and out-of-pocket expenses.

20. Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

21. All conditions precedent to the relief requested herein have been met, waived, or satisfied.

**COUNT I: DISCRIMINATORY TERMS AND CONDITIONS**
(Violation of 42 U.S.C. § 3604(b))

22. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

23. Defendant discriminated against Plaintiff in the terms, conditions, or privileges of her dwelling, or in the provision of services or facilities, because of her handicap. This includes imposition of discriminatory policies (e.g., DNA testing, insurance), and disparate treatment compared to non-disabled residents.

24. Defendants' actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, preliminary and permanent injunctive relief, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT II: DISCRIMINATORY TERMS AND CONDITIONS
(Violation of Fla. Stat. § 760.23(2))

25. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

26. Defendant discriminated against Plaintiff in the terms, conditions, or privileges of her dwelling, or in the provision of services or facilities, because of her disability. This includes imposition of discriminatory policies (e.g., DNA testing, insurance), and disparate treatment compared to non-disabled residents.

27. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, preliminary and permanent injunctive relief, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT III: HOSTILE ENVIRONMENT HARASSMENT
(Violation of 42 U.S.C. § 3617)

28. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

29. Defendant coerced, intimidated, threatened, or interfered with Plaintiff's exercise of her fair housing rights because of her handicap. This includes repeated violation notices, threats of fines, failure to address resident harassment (e.g., notes, public comments), and expressions of intent to remove Plaintiff from the Community.

30. The harassment was severe and pervasive, creating a hostile environment that interfered with Plaintiff's use and enjoyment of her home. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT IV: HOSTILE ENVIRONMENT HARASSMENT
(Violation of Fla. Stat. § 760.37)

31. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

32. Defendant coerced, intimidated, threatened, or interfered with Plaintiff's exercise of her fair housing rights because of her disability. This includes Defendant's failure to address resident harassment (e.g., notes, public comments), and expressions of intent to remove Plaintiff from the Community.

33. The harassment was severe and pervasive, creating a hostile environment that interfered with Plaintiff's use and enjoyment of her home. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT V: DISCRIMINATORY STATEMENTS AND ADVERTISEMENTS
(Violation of 42 U.S.C. § 3604(c))

34. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

35. Defendant made, printed, or published statements or advertisements with respect to the rental or sale of a dwelling that indicated a preference, limitation, or discrimination based on handicap. This includes the Assistance Animal Policy and emails requiring DNA testing, insurance, and other conditions applicable only to individuals with handicaps seeking accommodations.

36. Plaintiff read and was affected by these statements, which confirmed Defendant's discriminatory intent.

37. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, preliminary and permanent injunctive relief, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT VI: DISCRIMINATORY STATEMENTS AND ADVERTISEMENTS
(Violation of Fla. Stat. § 760.23(3))

38. Plaintiff realleges paragraphs 1-21 as if fully set forth herein.

39. Defendant made, printed, or published statements or advertisements with respect to the rental or sale of a dwelling that indicated a preference, limitation, or discrimination based on disability. This includes the Assistance Animal Policy and emails requiring DNA testing, insurance, and other conditions applicable only to individuals with disabilities seeking accommodations.

40. Plaintiff read and was affected by these statements, which confirmed Defendant's discriminatory intent.

41. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, preliminary and permanent

injunctive relief, attorneys' fees and costs, and such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: February 26, 2025

                              Respectfully submitted,

                              */s/ Jeremy D. Bailie*
                              Jeremy D. Bailie (FBN 118558)
                              WEBER, CRABB & WEIN, P.A.
                              5453 Central Avenue
                              St. Petersburg, FL 33710
                              Telephone: (727) 828-9919
                              Facsimile: (727) 828-9924
                              Jeremy.Bailie@webercrabb.com
                              Secondary:
                              honey.rechtin@webercrabb.com
                              natalie.deacon@webercrabb.com

                              *Lead Counsel for Plaintiff*