UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HEIDI WHITE,

Plaintiff,

v. Case No.: 2:26-cv-541-SPC-KRH

NAPLES LAND YACHT
HARBOR, INC.,

Defendant.

---

**ORDER**

Before the Court is Defendant Naples Land Yacht Harbor, Inc.'s Motion to Dismiss Amended Complaint (Doc. 25) and Plaintiff Heidi White's response (Doc. 34). For the reasons that follow, the Court grants the motion to the extent that the amended complaint is dismissed with leave to amend.

Plaintiff brings this action alleging that Defendant discriminated against her on the basis of her disability. (*See* Doc. 20). In the amended complaint, she brings claims for violations of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 *et seq.* ("FHA") and the Florida Fair Housing Act, Fla. Stat. §§ 760.20 *et seq.* ("FFHA"). (*Id.* at 1). Defendant moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6), arguing in part that Plaintiff has failed to allege sufficient facts to state any claim. (*See* Doc. 25). The Court agrees.

Together, Rules 8 and 10 establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A defendant can attack a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). But acceptance of a complaint's allegations is limited to well-pleaded allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

Plaintiff's amended complaint does not meet the aforementioned pleading standard. It begins with a list of 23 introductory allegations that are exceedingly vague and conclusory. (Doc. 20 at 1–5). Indeed, the Court cannot

tell from these allegations what happened to Plaintiff or why she is bringing these claims. For example, despite her claims being based on having an alleged disability, Plaintiff fails to even allege what that disability is. (*See generally* Doc. 20).

These vague and conclusory allegations, which fail to sufficiently allege how Defendant violated the subject statutes, are then incorporated into each count. (*See id.* at 5–7). The allegations in the counts themselves are largely just a formulaic recitation of the elements of each cause of action, making it difficult to frame a responsive pleading. (*Id.*). *See Bell Atl. Corp.*, 550 U.S. at 555; *Kelly v. Hill*, Case No. 3:24-cv-990-MMH-SJH, 2024 WL 4332608, at *1 (M.D. Fla. Sept. 27, 2024) ("Rules 8 and 10 work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]") (quotations omitted). Thus, none of Plaintiff's four counts adequately states a claim.

In short, the amended complaint is little more than labels, conclusions, and the bare elements of each claim, rendering it deficient. *See Bell Atl. Corp.*, 550 U.S. at 555. Additionally, Plaintiff's attempt to incorporate by reference the Florida Commission on Human Relations' ("FCHR") Notice of Determination, which is not attached to the amended complaint, is improper

and does not cure these deficiencies. (*See id.* at 4). If Plaintiff wants the subject notice to be considered, she must attach it to the operative complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). For the foregoing reasons, the Court dismisses the amended complaint without prejudice.[1]

Accordingly, it is

**ORDERED:**

(1) Defendant Naples Land Yacht Harbor, Inc.'s Motion to Dismiss Amended Complaint (Doc. 25) is **GRANTED** to the extent stated herein.

(2) Plaintiff's Amended Complaint (Doc. 20) is **DISMISSED without prejudice**.

(3) **On or before October 7, 2026**, Plaintiff must file a second amended complaint that corrects the deficiencies outlined above. **Failure to comply may result in the Court dismissing and closing this case without further notice.**

[1] Because the Court dismisses the amended complaint for failure to state a claim under Rule 12(b)(6), it does not address Defendant's additional arguments raised in the motion. However, Plaintiff should take these arguments into consideration when drafting a new complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on September 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record